UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:22-cr-24 |
| ) | Judges Crytzer/Poplin |
| PRIME BROOKLYN, LLC d/b/a "Super ) | |
| Super Fast" ) | |
| ) | |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee and the United States Department of Justice, Antitrust Division (collectively, "United States"), and the defendant PRIME BROOKLYN, LLC ("defendant"), and the defendant's undersigned attorneys, enter into this Plea Agreement under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."), the terms and conditions of which are as follows:

### PARTIES AND SCOPE OF AGREEMENT

1. The defendant is organized under the laws of New York and headquartered in Brooklyn, New York. This Agreement binds the defendant, the United States Department of Justice, Antitrust Division and the United States Attorney's Office for the Eastern District of Tennessee.

### RIGHTS OF DEFENDANT

2. The defendant understands its rights:

    (a) to be represented by an attorney;

    (b) to plead not guilty to any criminal charge brought against it;

    (c) to have a trial by jury, at which it would be presumed not guilty of the

charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;

 (d) to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

 (e) to appeal its conviction if it is found guilty; and

 (f) to appeal the imposition of sentence against it.

## AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS

3. The defendant knowingly and voluntarily waives:

 (a) the rights set out in subparagraphs 2(b)-(d) above;

 (b) the right to file any appeal or collateral attack that challenges its conviction, including but not limited to any appeal or collateral attack raising any argument that (1) the statute to which it is pleading guilty is unconstitutional or (2) the admitted conduct does not fall within the scope of such statute; and

 (c) the right to file any appeal or collateral attack, including but not limited to an appeal under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b).

Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies it may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant will plead guilty to the one-count Indictment filed in the United States District Court for the Eastern District of Tennessee on March 16, 2022. [Doc 1.] The Indictment charges the defendant with participating in the following price-fixing conspiracy:

2

Beginning in at least October 2016 and continuing until at least October 29, 2019, the exact dates being unknown to the Grand Jury, in the Eastern District of Tennessee and elsewhere, the defendant and its co-conspirators—other persons and entities engaged in the sale and distribution of video media contained on digital video discs and Blu-Ray discs (hereinafter, collectively, "DVDs and Blu-Ray Discs") through the Amazon Marketplace platform—knowingly entered into and engaged in a combination and conspiracy to suppress and eliminate competition by fixing prices for DVDs and Blu-Ray Discs sold through the Amazon Marketplace platform to customers located throughout the United States. The combination and conspiracy engaged in by the defendant and co-conspirators was a *per se* unlawful, and thus unreasonable, restraint of interstate and foreign trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. §1).

4. The defendant will plead guilty to the criminal charge described in Paragraph 3 under the terms of this Plea Agreement and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 5, below, because the defendant is in fact guilty.

## FACTUAL BASIS FOR OFFENSE CHARGED

5. In support of the defendant's guilty plea, the United States and the defendant agree and stipulate to the following facts, which satisfy the elements of the offense. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

3

(a) For purposes of this Plea Agreement, the "relevant period" is that period from at least October 2016 and continuing until at least October 29, 2019. During the relevant period, the defendant operated an Amazon Marketplace storefront from Brooklyn, New York. During the relevant period, the defendant was a distributor and seller of DVDs and Blu-Ray Discs and sold DVDs and Blu-Ray Discs through its storefront on the Amazon Marketplace. DVDs and Blu-Ray Discs are forms of optical disc storage and the Amazon Marketplace is an e-commerce platform owned and operated by Amazon.com, Inc. ("Amazon") in the United States that enables third-party vendors to sell new or used products alongside Amazon's own offerings. The Amazon Marketplace is a component of the Amazon.com website. During the relevant period, the defendant delivered DVDs and Blu-Ray Discs to Amazon locations for further distributions to purchasers located throughout the United States. The defendant's affected sales to customers throughout the United States of DVDs and Blu-Ray Discs sold through the Amazon Marketplace totaled at least $340,000.

(b) During the relevant period, the defendant participated in a conspiracy with other persons and entities engaged in the sale and distribution of DVDs and Blu-Ray Discs through the Amazon Marketplace, the primary purpose of which was to suppress and eliminate competition for the sale of DVDs and Blu-Ray Discs sold in the Amazon Marketplace by fixing prices of DVDs and Blu-Ray Discs sold through the Amazon Marketplace platform to customers throughout the United States. In furtherance of the conspiracy, representatives of the defendant engaged in discussions, transmitted across state lines both orally and electronically, with representatives of other sellers of DVDs and Blu-Ray Discs on the Amazon Marketplace. During these discussions, the defendant and

4

its conspirators reached agreements to suppress and eliminate competition for the sale of DVDs and Blu-Ray Discs sold in the Amazon Marketplace by fixing prices for DVDs and Blu-Ray Discs sold through the Amazon Marketplace to customers throughout the United States.

(c) During the relevant period, the defendant and its conspirators sold DVDs and Blu-Ray Discs through the Amazon Marketplace in various ways, and payments for DVDs and Blu-Ray Discs sold by the defendant and its conspirators through the Amazon Marketplace traveled in interstate commerce. The business activities of the defendant and its conspirators in connection with the sale of DVDs and Blu-Ray Discs sold through the Amazon Marketplace that were the subject of this conspiracy were within the flow of, and substantially affected, interstate trade and commerce.

(d) During the relevant period, the defendant did not ever employ 10 or more employees.

(e) Acts in furtherance of this conspiracy were carried out within the Eastern District of Tennessee. Such acts included multiple instances in which representatives of the defendant engaged in conversation with a conspirator located in the Eastern District of Tennessee operating an Amazon Marketplace storefront in Sweetwater, Tennessee.

## ELEMENTS OF THE OFFENSE

6. The elements of the charge are as follow:

(a) The conspiracy described in the Indictment existed at or about the time alleged;

(b) the defendant knowingly became a member of the conspiracy; and

5

(c) the conspiracy described in the Indictment either substantially affected interstate commerce in goods or services or occurred within the flow of interstate commerce.

## POSSIBLE MAXIMUM SENTENCE

7. The defendant understands that the statutory maximum penalty which may be imposed against it on conviction for a violation of Section One of the Sherman Antitrust Act is a fine in an amount equal to the greatest of:

(a) $100 million (15 U.S.C. § 1);

(b) twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. § 3571(c) and (d)); or

(c) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(c) and (d)).

8. In addition, the defendant understands that:

(a) under §8D1.2(a)(1) of the United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") or 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

(b) under U.S.S.G. §8B1.1 or 18 U.S.C. § 3563(b)(2) or 3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

(c) under 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the defendant to pay a $400 special assessment on conviction for the charged crime.

### Sentencing Guidelines

9. The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider, in determining and imposing sentence, the

6

Guidelines Manual in effect on the date of sentencing unless that Manual provides for greater punishment than the Manual in effect on the last date that the offense of conviction was committed, in which case the Court must consider the Guidelines Manual in effect on the last date that the offense of conviction was committed. The parties agree there is no *ex post facto* issue under the November 1, 2021 Guidelines Manual. The Court must also consider the other factors set forth in 18 U.S.C. § 3553(a) in determining and imposing sentence. The defendant understands that the Court will make Guidelines determinations by applying a standard of preponderance of the evidence. The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based on consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

## SENTENCING AGREEMENT

10. Under Fed. R. Crim. P. 11(c)(1)(B) and subject to the requirements of this Plea Agreement and the Plea Agreement Supplement ("Supplement"), the United States and the defendant agree that the appropriate disposition of this case is, and agree to recommend jointly that the Court impose the following Recommended Sentence: a sentence within the applicable Guidelines range requiring the defendant to pay to the United States a criminal fine of $68,000 payable in installments as set forth below without interest under 18 U.S.C. § 3612(f)(3)(A), and no restitution, subject to any fine offset that is allowed pursuant to U.S.S.G. § 8C3.4 as a result of any fine imposed in the sentence of owner and codefendant Victor Btesh. The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure under U.S.S.G. §5K2.0. The parties agree not to

7

seek at the sentencing hearing any sentence outside of the Guidelines range nor any Guidelines adjustment for any reason that is not set forth in this Plea Agreement. The parties further agree that the Recommended Sentence is reasonable.

    (a)    The United States agrees that it will recommend, in the interest of justice under 18 U.S.C. § 3572(d)(1) and U.S.S.G. §8C3.2(b), the fine to be paid in the following installments: within 30 days of imposition of sentence one-sixth (1/6) of the fine amount as adjusted, if at all, pursuant to §8C3.4; at the one-year anniversary of imposition of sentence ("anniversary") one-sixth (1/6) of the fine amount as adjusted, at the two-year anniversary of imposition of sentence one-sixth (1/6) of the fine amount as adjusted, at the three-year anniversary of imposition of sentence one-sixth (1/6) of the fine amount as adjusted, at the four-year anniversary of imposition of sentence one-sixth (1/6) of the fine amount as adjusted, at the five-year anniversary of imposition of sentence one-sixth (1/6) of the fine amount as adjusted, provided, however, that the defendant will have the option at any time before the five-year anniversary of prepaying the remaining balance then owing on the fine.

    (b)    The defendant understands that the Court will order it to pay a $400 special assessment per count, under 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

11.    The United States and the defendant jointly submit that this Plea Agreement and the Supplement, together with the record that will be created by the United States and/or the defendant in sentencing memoranda and at the plea and sentencing hearings, will provide the Probation Office and the Court sufficient information concerning the defendant, the crime

charged in the case, and the defendant's role in the crime to enable meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553.

12. The United States and the Defendant understand that the Court retains complete discretion to accept or reject the Recommended Sentence. The Defendant understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose the Recommended Sentence contained in this Agreement, it nevertheless has no right to withdraw its plea of guilty.

13. In the event that the United States determines that the defendant has breached the Plea Agreement and the defendant fails to cure the breach, the entire amount of the fine, less amounts already paid (if any), shall be due and owing within ten business days after receipt by the defendant of written notice of breach from the United States. If the defendant fails to either cure or pay the balance due within ten business days of receipt of the written notice of breach, the defendant will consent to entry of a civil judgment for the full balance due plus all reasonable costs incurred in the civil action, including attorney's fees and expenses; will provide the United States with its most recent audited financial statement; and will not oppose any collection action undertaken by the United States to satisfy the civil judgment.

14. In light of the availability of civil causes of action, which potentially provide for a recovery of multiple of actual damages, the Recommended Sentence does not include a restitution order for the offense charged in the Indictment.

## REPRESENTATION BY COUNSEL

15. The defendant has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation. The defendant has thoroughly reviewed

this Plea Agreement and acknowledges that counsel has advised it of the nature of the charge, any possible defenses to the charge, and the nature and range of possible sentences.

## VOLUNTARY PLEA

16. The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement and Supplement. The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations in this Plea Agreement.

## BREACH OF PLEA AGREEMENT

17. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea.

18. Should the United States determine in good faith, during the period that the current federal investigation of violations of federal antitrust and related criminal laws involving the sale of DVDs and Blu-Ray discs in the Amazon Marketplace, any federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party is pending, that the defendant has violated any provision of this Plea Agreement or the Supplement, the United States will notify counsel for the defendant in writing by personal or overnight delivery or email transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph) or the Supplement, and the defendant will be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement and the Supplement. In the event that the United States is released from its obligations under this

10

Plea Agreement and the Supplement and brings criminal charges against the defendant relating to the conduct described in Paragraph 5 or relating to conduct known to the United States before the date of the signing of this Agreement that is not time-barred by the applicable statute of limitations on the Effective Date of this Agreement, the statute of limitations period for such offense will be tolled for the period between the date of signature of this Plea Agreement and six months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement or the Supplement.

19. In any further prosecution of the defendant resulting from the release of the United States from its obligations under this Plea Agreement or the Supplement because of the defendant's violation of this Plea Agreement or the Supplement, any documents, statements, information, testimony, or evidence provided by it to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against it. In addition, the defendant unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## PUBLIC STATEMENTS BY THE DEFENDANT

20. The defendant expressly agrees that it will not, through current or future attorneys, directors, officers, employees, agents, or any other person authorized by the defendant to speak on its behalf, make any public statement, in litigation or otherwise, contradicting the acceptance of responsibility by the defendant set forth above or the facts described in the Indictment or Factual Basis section of this Plea Agreement. Any such contradictory statement will, subject to cure rights of the defendant described below, constitute a violation of this Plea Agreement, and the defendant thereafter will be subject to prosecution. The decision whether any public statement by any such person contradicting a fact contained in the Indictment or

11

Factual Basis section of this Plea Agreement was made on behalf of the defendant for the purpose of determining whether it has violated this Plea Agreement will be at the sole discretion of the United States. If the United States determines that a public statement by any such person contradicts in whole or in part a statement contained in the Indictment or Factual Basis section of this Plea Agreement, the United States shall so notify the defendant, and the defendant may avoid a violation of this Plea Agreement by publicly repudiating such statement(s) within five (5) business days after notification. The defendant will be permitted to raise defenses and to assert affirmative claims in other proceedings relating to the matters set forth in the Indictment and the Factual Basis section of this Plea Agreement provided that such defenses and claims do not contradict, in whole or in part, a statement contained in the Indictment or Factual Basis section of this Plea Agreement. This paragraph does not apply to any statement made by any current or future director, officer, employee, or agent of the defendant in the course of any criminal, regulatory, or civil case initiated against such individual, unless such individual is speaking on behalf of the defendant.

21. The defendant agrees that if it issues a press release or holds any press conference in connection with this Agreement, the defendant shall first consult the United States to determine: (a) whether the text of the release or proposed statements at the press conference are true and accurate with respect to matters between the United States and the defendant; and (b) whether the United States has any objection to the release or proposed statements.

## ENTIRETY OF AGREEMENT

22. The United States will file a Supplement in this case, as required in every case by Local Rules of the United States District Court for the Eastern District of Tennessee, even

though there may or may not be any additional terms. If additional terms are included in the Supplement, they are hereby fully incorporated herein.

23. This Plea Agreement and Supplement constitute the entire agreement between the United States and the defendant concerning the disposition of the criminal charge in this case. This Plea Agreement and Supplement cannot be modified except in writing, signed by the United States and the defendant.

24. The undersigned is authorized to enter this Plea Agreement and Supplement on behalf of the defendant as evidenced by the Resolution of the Board of Directors of the defendant attached to, and incorporated by reference in, this Plea Agreement.

25. A PDF signature will be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

January 5, 2023
DATE

*Robert Jacobs*
Digitally signed by ROBERT JACOBS
Date: 2023.01.05 13:15:54 -06'00'

ROBERT M. JACOBS, IL Bar No. 6289819
KEVIN C. CULUM, MT Bar No. 3460
ELIZABETH K. NOONAN-POMADA, IL Bar No. 6327383
NICKOLAS R. FORAN, NE Bar No. 27156
Antitrust Division
U.S. Department of Justice
Chicago Office
209 S. LaSalle St., Ste 600
Chicago, IL 60604
Tel: 312-984-7200
Robert.Jacobs@usdoj.gov

13

Case 3:22-cr-00024-KAC-DCP   Document 70   Filed 01/05/23   Page 13 of 15   PageID #: 305

_January 5, 2023_
DATE

_William Roach_
WILLIAM A. ROACH, JR., TN Bar No. 028349
Assistant United States Attorney
Eastern District of Tennessee

**For the Defendant**

_1-4-23_
Date

_[signature]_
Corporate Representative
Defendant

_01.05.23_
Date

_[signature]_
DONALD BOSCH
ANN SHORT
Attorneys for Defendant

## Resolution of Board of Directors and
## Certification of the Defendant

I have been duly authorized according to the bylaws and relevant organizational documents of the defendant Prime Brooklyn, LLC d/b/a "Super Super Fast" ("the defendant") to enter into this agreement on behalf of the defendant. I have read this agreement in its entirety. I had had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with the defendant's attorney. I understand the terms of this agreement, and I voluntarily agree to those terms on behalf of the defendant. I have discussed the evidence with the defendant's attorney, and the defendant's attorney has advised me of defendant's rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me or to the defendant other than those contained in this agreement. No one has threatened or forced me or the defendant in any way to enter into this agreement. I am pleading guilty on behalf of the defendant because the defendant is guilty of the charge and wishes to take advantage of the promises set forth in this agreement, and not for any other reason.

_____
Victor B'Tesh
Date: 1-4-23
A duly authorized representative of the
Defendant Prime Brooklyn, LLC d/b/a "Super Super Fast"